IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS



SUPPRESSED FILED

DEC 1 4 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 11-30236-GPM |
| WILLIAM PATRICK CLARK, | ) Title 18, United States Code, Sections |
| Defendant. | ) 2 and 1001. |

## INDICTMENT

**THE GRAND JURY CHARGES:**

1. William Patrick Clark ("Clark") was the owner, operator, and president of Clark Trucking and Excavation LLC ("Clark Trucking"), a company with an office at 912 Market Street in East St. Louis, Illinois. Gateway Constructors was a joint venture of three construction companies contracting with the Missouri Department of Transportation ("MoDOT") to improve Interstate 64 ("the I-64 project") in the St. Louis, Missouri area. This project was funded by MoDOT and the Federal Highway Administration. Clark Trucking entered into a subcontract with Gateway Constructors to provide hauling services on the I-64 project. Clark was required to truthfully report the wages paid to employees under contract terms and to comply with labor laws. The reporting of wages on the I-64 project is a matter within the jurisdiction of the United States Department of Labor. For pay periods beginning at least as early as August 30, 2009, and ending at least as late as October 31, 2009, Clark engaged in a scheme of routinely falsifying employee pay records, allowing Clark to cheat his employees by receiving money to pay his employees the full wage, but paying them less than legally required and keeping the difference.

2. The United States Department of Labor and its Divisions have responsibilities that include administering Davis Bacon and Related Acts ("DBRA") and investigating violations of federal labor laws. Entities receiving federal funding for construction projects must comply with DBRA, 40 USC 276(a) and 29 CFR Parts 1, 3, 5, 6, and 7. DBRA requires that any employer working on a construction project with federal funding pay its employees at the prevailing rate. The prevailing rate is determined by a wage determination study conducted by the United States Department of Labor and the rate often mirrors or closely reflects that of the standard union contracts in the area. DBRA also requires the payment of fringe benefits to employees. The fringe benefit rate is part of the wage determination and also often mirrors the rate found in union contracts in the area. Employers must exercise one of two pay options. One option is to pay a direct wage as well as pay into a qualified fringe benefit plan on behalf of the employee. The other option is to pay a higher rate of direct pay to the employee in lieu of payment into a benefits plan.

3. DBRA requires the completion of certified payrolls by all employers for construction projects receiving federal funding. These certified payrolls may be completed on a United States Department of Labor Form WH-347, U.S.G.P.O. 1997 519.861 or other similar form containing the same information. The certified payroll forms report weekly hours worked by all employees and itemize the rate of pay, gross pay, deductions, net pay, and an indication as to whether benefits were paid into an approved benefits plan or paid to the employees as additional wages. The certified payrolls contain an explicit warning next to the signature block that false information is punishable under 18 U.S.C. Section 1001, False Statement to a Federal Agency. The certified payrolls are then turned into the general contractor and the entity commissioning the project. These certified payrolls must be maintained for inspection by the federal agency providing the funding. The certified payrolls are also required to be submitted to

the entity commissioning the project before progress payments are made to the general contractor and any subcontractors.

4. MoDOT entered into a Design-Build contract with Gateway Constructors to reconstruct I-64 in the St. Louis, Missouri area. The contract required payment of subcontractor employees at the prevailing wage. A Gateway Constructors subcontract with Clark Trucking required Clark Trucking to pay the prevailing rate of $35.45 per hour to its drivers, the rate that was required to be paid to drivers who were not receiving payments on their behalf into an approved fringe benefits plan.

5. On approximately October 8, 2009, Clark Trucking submitted a group of five certified payrolls to Gateway Constructors for five separate pay periods encompassing August 30, 2009 through October 3, 2009. On November 3, 2009 Clark Trucking submitted a group of four certified payrolls to Gateway Constructors for four separate pay periods encompassing October 4, 2009 through October 31, 2009. The nine certified payrolls were signed by an individual identified as the Secretary for Clark Trucking. Each form was U.S.G.P.O. 1997 519.861 containing a warning that false statements could result in civil or criminal prosecution and referenced Title 18, Section 1001. All nine forms also indicated that additional wages were paid by Clark Trucking to the employees in lieu of paying into an approved benefit plan.

6. An employee of Clark Trucking ("Driver One"), was a truck driver on the I-64 project. Each of the nine submitted certified payrolls encompassing the pay periods from August 30, 2009 through October 31, 2009, represent that Driver One was paid an hourly rate of $35.45 per hour. Each of the nine forms was false in that Driver One was paid a significantly lesser amount of approximately $13.00 to $14.00 an hour and did not receive any fringe benefits.

7. In the summer of 2007, drivers for other companies on the I-64 project told Driver One and other Clark Trucking drivers that they were being paid "twenty something" an hour. Clark [Driver One] and other drivers for Clark Trucking asked Clark about this pay disparity between Clark Trucking drivers and drivers for other companies. Clark told Driver One and the other drivers that if they were asked by anyone else that they should say that they were also being paid "twenty something" an hour, even though this was false. Such an hourly rate would more closely approximate a legal, prevailing wage paid by an employer who is also paying into an approved benefits plan and such representations by drivers would provide protection for Clark who was unlawfully enriching himself at the expense of his employees.

8. On September 27, 2011, Clark appeared before a Notary Public in St. Clair County, Illinois and signed an affidavit in which he falsely swore that Clark Trucking had complied with the labor laws regarding payment of wages on the I-64 project. On September 28, 2011, Clark emailed this falsely sworn affidavit to a representative of Gateway Constructors.

## COUNTS 1 - 10

### False Statements

9. Paragraphs 1 through 8 are incorporated and realleged as part of Counts 1 through 10.

10. On or about the dates specified below, in St. Clair County, within the Southern District of Illinois, the defendant,

**WILLIAM PATRICK CLARK,**

defendant herein, made and used, and caused to be made and used, a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the United States,

| COUNT | APPROXIMATE DATE |
|---|---|
| 1 | October 8, 2009 (falsely representing the compensation provided to Driver One on United States Department of Labor Form U.S.G.P.O. 1997 519.861 for the pay period beginning on August 30, 2009 and ending on September 5, 2009.) |
| 2 | October 8, 2009 (falsely representing the compensation provided to Driver One on United States Department of Labor Form U.S.G.P.O. 1997 519.861 for the pay period beginning on September 6, 2009 and ending on September 12, 2009.) |
| 3 | October 8, 2009 (falsely representing the compensation provided to Driver One on United States Department of Labor Form U.S.G.P.O. 1997 519.861 for the pay period beginning on September 13, 2009 and ending on September 19, 2009.) |
| 4 | October 8, 2009 (falsely representing the compensation provided to Driver One on United States Department of Labor Form U.S.G.P.O. 1997 519.861 for the pay period beginning on September 20, 2009 and ending on September 26, 2009.) |
| 5 | October 8, 2009 (falsely representing the compensation provided to Driver One on United States Department of Labor Form U.S.G.P.O. 1997 519.861 for the pay period beginning on September 27, 2009 and ending on October 3, 2009.) |
| 6 | November 3, 2009 (falsely representing the compensation provided to Driver One on United States Department of Labor Form U.S.G.P.O. 1997 519.861 for the pay period beginning on October 4, 2009 and ending on October 10, 2009.) |
| 7 | November 3, 2009 (falsely representing the compensation provided to Driver One on United States Department of Labor Form U.S.G.P.O. 1997 519.861 for the pay period beginning on October 11, 2009 and ending on October 17, 2009.) |
| 8 | November 3, 2009 (falsely representing the compensation provided to Driver One on United States Department of Labor Form U.S.G.P.O. 1997 519.861 for the pay period beginning on October 18, 2009 and ending on October 24, 2009.) |
| 9 | November 3, 2009 (falsely representing the compensation provided to Driver One on United States Department of Labor Form U.S.G.P.O. 1997 519.861 for the pay period beginning on October 25, 2009 and ending on October 31, 2009.) |
| 10 | September 27, 2011 (in a signed and sworn affidavit falsely claiming satisfaction of labor laws pertaining to the payment of wages to workers on the I-64 project.) |

All in violation of Title 18, United States Code, Section 1001(a)(3).

*[signature]*
KEVIN F. BURKE
Assistant United States Attorney

*[signature]*
STEPHEN R. WIGGINTON
United States Attorney

Recommended Bond: $25,000 unsecured