AO 245B (SDIL Rev. 03/15) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Southern District of Illinois

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| | ) | |
| **v.** | ) | Case Number:  **3:11-CR-30236-DRH-1** |
| | ) | USM Number: **09384-025** |
| **WILLIAM PATRICK CLARK** | ) | |
| | ) | **JAMES GOMRIC** |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☒ was found guilty on count(s)   1-9 of the Indictment – The conviction on Count 10 was vacated by the 7th
after a plea of not guilty.   Circuit Court of Appeals

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18§1001(a)(3) | False statements | September 27, 2011 | 1-9 |

    The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) 10 ☐is ☐ are dismissed on the motion of the United States.

☒ No fine   ☐ Forfeiture pursuant to order filed Click here to enter date of Order., included herein.

☐ Forfeiture pursuant to Order of the Court.  See page Click here to type pg no. for specific property details.

    It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

December 11, 2015
Date of Imposition of Judgment

Digitally signed by Judge David R. Herndon
Date: 2015.12.14 10:08:41 -06'00'

Signature of Judge
David R. Herndon, U.S. District Judge
Name and Title of Judge

Date  December 14, 2015

AO 245B (SDIL Rev. 03/15) Judgment in a Criminal Case

DEFENDANT: William Patrick Clark
CASE NUMBER: 3:11-cr-30236-DRH-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **33 months on all counts, all terms to run concurrent.  Defendant shall receive credit for time served.**

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____☐a.m.  ☐ p.m. on
    ☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐before 2 p.m. on
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (SDIL Rev. 03/15) Judgment in a Criminal Case

DEFENDANT: William Patrick Clark
CASE NUMBER: 3:11-cr-30236-DRH-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
**3 years with credit for supervision already served.**

## MANDATORY CONDITIONS

*The following mandatory conditions are imposed as authorized by 18 USC section 3583(d) and as necessary for the defendant while on supervision as essential for the probation officer to successfully supervise the defendant and to provide defendant with the structure and monitoring needed to meet the objectives of supervision. The Court notes that the probation officer's explanations in the PSR for the conditions will help provide the defendant with an understanding of each of the conditions.*
The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, not to exceed 52 tests in one year.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## ADMINISTRATIVE CONDITIONS

*The following 9 administrative conditions are imposed, consistent with 18 USC § 3583(d) and § 3553(a), as necessary for the defendant while on supervision as essential for the probation officer to successfully supervise the defendant and to provide defendant with the structure and monitoring needed to meet the objectives of supervision. As the 7th Circuit has observed, the defendant is to be placed on supervised release not complete release. Further, the Supreme Court has noted that persons on supervised release are not entitled to the full range of constitutional liberties those not otherwise encumbered are. Therefore, the Court has attempted to fashion common sense conditions which give the probation officer supervising the defendant the proper authority to adequately observe and monitor the defendant for the protection of the public. The Court notes that the probation officer's explanations for the conditions will help provide the defendant with an understanding of each of the conditions, the defendant has acknowledged an understanding of the conditions and counsel has stated defendant does not object to any of these conditions. The conditions are imposed in an effort to deter future crimes and protect the public.*
The defendant must report to the probation office in the district to which the defendant is released within seventy-two hours of release from the custody of the Bureau of Prisons.

The defendant shall not knowingly possess a firearm, ammunition, or destructive device. The defendant shall not knowingly possess a dangerous weapon unless approved by the Court.

The defendant shall not leave the judicial district without the permission of the Court or the probation officer.

The defendant shall report to the probation officer in a manner and frequency directed by the Court or

AO 245B (SDIL Rev. 03/15) Judgment in a Criminal Case

DEFENDANT: William Patrick Clark
CASE NUMBER: 3:11-cr-30236-DRH-1

probation officer.

The defendant shall respond to all inquiries of the probation officer and follow the instructions of the probation officer.

The defendant shall notify the probation officer at least ten days prior to, or within seventy-two hours after, any change in residence or employment.

The defendant shall not knowingly meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity.

The defendant shall permit a probation officer to visit the defendant at a reasonable time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

## SPECIAL CONDITIONS

*Pursuant to the factors in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(d), the following special conditions are ordered. While the Court imposes special conditions, pursuant to 18 U.S.C. § 3603(10), the probation officer shall perform any other duty that the Court may designate. The Court directs the probation officer to administer, monitor, and use all suitable methods consistent with the conditions specified by the Court and 18 U.S.C. § 3603 to aid persons on probation/supervised release. Although the probation officer administers the special conditions, final authority over all conditions rests with the Court.*

The defendant shall participate in mental health services, which may include a mental health assessment and/or psychiatric evaluation, and shall comply with any treatment recommended by the treatment provider. This may require participation in a medication regimen prescribed by a licensed practitioner. The defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale and the defendant's ability to pay. The defendant's financial obligation shall never exceed the total cost of services rendered. The Court directs the probation officer to approve the treatment provider and, in consultation with a licensed practitioner, the frequency and duration of counseling sessions, and duration of treatment, as well as monitor the defendant's participation, and assist in the collection of the defendant's copayment. While any financial penalties are outstanding, the defendant shall not incur new credit charges or open additional lines of credit without the approval of the Court or probation officer.

While any financial penalties are outstanding, the defendant shall not open additional checking, savings, or money market accounts, or acquire any stocks, bonds, or other financial account instruments without the approval of the Court or probation officer.

While any financial penalties are outstanding, the defendant shall provide the probation officer and the

AO 245B (SDIL Rev. 03/15) Judgment in a Criminal Case

DEFENDANT: William Patrick Clark
CASE NUMBER: 3:11-cr-30236-DRH-1

Financial Litigation Unit of the United States Attorney's Office any requested financial information. The defendant is advised that the probation office may share financial information with the Financial Litigation Unit.

While any financial penalties are outstanding, the defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation. The defendant shall notify the probation officer within 72 hours of the receipt of any indicated monies.

The defendant shall pay any financial penalties imposed which are due and payable immediately. If the defendant is unable to pay them immediately, any amount remaining unpaid when supervised release commences will become a condition of supervised release and be paid in accordance with the Schedule of Payments sheet of the judgment based on the defendant's ability to pay.

AO 245B (SDIL Rev. 03/15) Judgment in a Criminal Case

DEFENDANT: William Patrick Clark
CASE NUMBER: 3:11-cr-30236-DRH-1

## <u>CRIMINAL MONETARY PENALTIES</u>

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $900.00 | $ | $273,118.43 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| <u>Name of Payee</u> | <u>Total Loss</u> | <u>Restitution Ordered</u> | <u>Priority or Percentage</u> |
|---|---|---|---|
| See attached list | | $273,118.43 | |

☐   Restitution amount ordered pursuant to plea agreement $_____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for ☐ fine   ☒ restitution.

☐ the interest requirement for ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (SDIL Rev. 03/15) Judgment in a Criminal Case

DEFENDANT: William Patrick Clark
CASE NUMBER: 3:11-cr-30236-DRH-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A.** ☐ Lump sum payment of $_____ due immediately, balance due
      ☐ not later than _____, or
      ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B.** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below; or

**C.** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of \_\_\_\_\_ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D.** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E.** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F.** ☒ Special instructions regarding the payment of criminal monetary penalties:
      **Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $100.00 or ten percent of his net monthly income, whichever is greater. The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
      Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| Victim | Amount |
|---|---|
| David Addison | $63,857.55 |
| Thomas Bowers | $13,565.23 |
| Althea Branigan | $6,881.43 |
| Issac Carraway | $1,177.92 |
| Christopher Clark | $46,996.15 |
| Dwayne Cleaves | $5,715.78 |
| David Garnett | $6,380.40 |
| Antrane Hines | $4,079.78 |
| Rycon Holton | $2,239.28 |
| Glenn James Jr. | $787.33 |
| Christopher Johnson | $981.60 |
| Devon Matthews | $61.35 |
| Toby McIntosh | $557.26 |
| Montez Miller | $56,421.89 |
| Jeffrey Mims | $1,533.75 |
| Marvin Moore | $11,043.00 |
| Kenneth Norton | $23,916.28 |
| David Patton | $3,650.33 |
| Cedric Sheard | $132.93 |
| Warren Smith | $14,222.98 |
| Leonard Spencer | $6,411.08 |
| Terrance Thomas | $2,505.13 |